**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

LUCY CLARK,

   Plaintiff,

     v.

MICHAEL ROSENTHAL, KEVIN
MCCLANAHAN,

   Defendants.

CASE NO. 1:26-CV-202-HAB-ALT

## OPINION AND ORDER

Pro se Plaintiff Lucy Clark ("Clark") filed a complaint and seeks leave to proceed in forma pauperis. (ECF 1, 2). Clark, who listed her address as being in Wyoming but sent the complaint from New York, alleges Defendant Kevin McClanahan "violated due process" and that he conspired with Defendant Michael Rosenthal. (ECF 1, 1-1). Her complaint does not specify whose due process rights were violated or how those rights were violated. Nor does she explain what McClanahan and Rosenthal conspired to do. But the Court need not look far to identify this filing. A PACER search reveals that as of the time of writing, "Clark" has bombarded more than a dozen different federal courts across the country—including this one—with the same or a similar devoid-of-fact complaint.[1]

Under 28 U.S.C. § 1915, the Court "may authorize the commencement [of this action] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide

---

[1] *See, e.g., Clark v. Rosenthal et al*, 1:26-cv-1362-JMB-RSK (W.D. Mich. Apr. 27, 2026); *Clark v. Rosenthal et al*, 8:26-cv-1655-TDC (D. Md. Apr. 27, 2026); *Clark v. Rosenthal et al*, 1:26-cv-852-SEB-MKK (S.D. Ind. Apr. 27, 2026); *Clark v. Rosenthal et al*, 1:26-cv-1877-RTG (D. Colo. Apr. 27, 2026).

himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Clark's financial affidavit states she has $95 in her bank account, makes $900 per month in income, and spends $850 per month on housing and utilities. (ECF 2). This would mean she financially qualifies to proceed in forma pauperis. But that is of no moment here because reviewing Clark's allegations liberally as the Court must do, her complaint must be dismissed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . .").

Clark asserts nothing that supports a basis for the Court to exercise jurisdiction other than a violation of fourteenth amendment rights. (ECF 1). She has also provided no factual basis to support her legal claim. Clark just makes the bare-bones assertion that due process was violated and two people conspired. (*Id.*). That is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

2

(2007) (noting that a complaint must contain "enough facts to state a claim to relief that is plausible on its face"). And nothing in the complaint establishes who any of the Defendants are, or how they would be subject to personal jurisdiction in Indiana. No facts suggest that any defendant is from the state, and no events have been described that occurred in the state.

Given these glaring deficiencies and Clark's track record of frivolous filings, the Court finds the complaint here meritless and frivolous. Amendment would thus be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

For these reasons, the Court:

(1) DENIES Clark's Motion to Proceed in Forma Pauperis (ECF 2); and

(2) DISMISSES this case WITH PREJUDICE.

**SO ORDERED** on May 6, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

3